(Court of Appeal, Parish of Orleans.)

## JOHN SCHWAB vs. F. W. SCHMIDT.

### (In Re Opposition of O. H. Mayronne.)

The provisions of the Code of Practice requiring the Judge to pronounce on the merits of an intervention at the same time that he decides the principal action, have no application to an opposition having for its object to set aside a seizure as having been effected on property not belonging to defendant but owned by the opponent.

On the contrary, the Code of Practice particularly enjoins that such opposition shall be considered as a separate demand distinct from the suit in which the seizure was effected. C. P., 389, 394, 395, 398.

Appeal from the Civil District Court, Division "A."

Woodville & Woodville, for plaintiff and appellant.

L. H. Marrero, Jr., defendant and appellee.

Dinkelspiel, Hart & Davey, Attorneys.

ST. PAUL, J.—Plaintiff sued defendant for a balance due on the purchase price of a piano, and proceeded to sequester the piano as being subject to his vendor's lien.

One O. H. Mayronne opposed the seizure claiming the ownership of the piano as having been acquired in good faith and for a valuable consideration.

Defendant in suit made no answer and plaintiff took a default which he confirmed.

Thereafter plaintiff filed an exception to the opposition on the ground that same came too late to be tried

with the main suit as required by Article 394 of the Code of Practice.

This exception was overruled, and an answer being filed there was judgment on the merits setting aside the seizure.

From this judgment plaintiff appeals and urges principally the aforesaid exception.

The exception is not well founded. It might easily be shown that there is in principle a wide difference between an intervention (properly so called) and an opposition.

In the former the interpleader seeks to shape the judgment in the main suit, or affect its substance (C. P. 389) and hence the Judge must pronounce on the merits thereof at the same time he decides the principal action. (C. P. 394.)

In an opposition however the interpleader is not concerned in the judgment on the main demand, but seeks only to arrest or regulate some attempt to execute the judgment to the prejudice of opponent's rights (C. P. 395).

Hence the Code of Practice declares that an opposition having for its object to set aside the seizure as not having been effected on property belonging to defendant but owned by opponent, shall be considered as a separate demand distinct from the suit in which the seizure was effected. (C. P. 398.)

Such opposition being then a separate suit, it follows therefore that it should, or at least may, be disposed of by separate judgment. And since in practice seizures are effected quite as frequently after judgment on the main suit as before such judgment, it would mean that in all such cases an opposition would be a vain and idle proceeding unless the opponent could have the merits of his opposition passed upon in a separate judgment.

The exception is therefore not well taken.

On the merits, only questions of fact are presented and the evidence fully supports the claim of the opponent and judgment of the Court a qua.

Judgment affirmed.

November 20, 1911.

————o————

## 5414.

(Court of Appeal, Parish of Orleans.)